## MOORE v. DUCKWORTH, WARDEN

No. 78–5795.   Decided July 2, 1979

PER CURIAM.

Upon a plea of not guilty by reason of insanity, the petitioner was found guilty by an Indiana jury of murder in the second degree. The Indiana Supreme Court upon direct appeal affirmed the conviction. *Moore* v. *State,* 260 Ind. 154, 293 N. E. 2d 28 (1973). The petitioner then sought a writ of habeas corpus in a Federal District Court pursuant to 28 U. S. C. § 2254. He claimed, *inter alia,* that he had been denied due process of law because he had been convicted upon evidence allegedly insufficient to prove beyond a reasonable

doubt that he was sane at the time the victim was killed.* The District Court denied the writ, and the Court of Appeals for the Seventh Circuit affirmed. 581 F. 2d 639 (1978).

In holding that the District Court had been correct in rejecting the petitioner's challenge to the sufficiency of the evidence supporting his conviction, the Court of Appeals stated that such a challenge presents a federal due process issue "only where a state court conviction is totally devoid of evidentiary support." *Id.,* at 642. The petitioner claims that this was error, and he urges that under *In re Winship,* 397 U. S. 358 (1970), a state prisoner is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt. We agree. *Jackson* v. *Virginia, ante,* p. 307. Nonetheless, under the circumstances of this case we conclude that a remand for further consideration in light of *Jackson* v. *Virginia* would be inappropriate.

The petitioner has contended that the prosecution failed to meet its burden because it relied upon lay witnesses to prove sanity without providing any expert testimony to rebut his expert opinion testimony. But, as the Court of Appeals noted, under Indiana law sanity may be established by either expert or lay testimony. The state appellate court, in an opinion thoroughly discussing the record evidence and the petitioner's sufficiency challenge, concluded that the lay evidence in this case could have been credited by the jury, and it held that the State's evidence was fully sufficient to support a jury finding beyond a reasonable doubt that the petitioner was sane at the time of the killing.

The Court of Appeals properly deferred to the Indiana law governing proof of sanity. Although that court applied an improper legal standard when it considered the petitioner's

---

*The District Court found, and the Court of Appeals agreed, that the petitioner had failed to exhaust his available state remedies on all but his challenge to the sufficiency of the evidence. The petitioner takes issue with this ruling, but we are satisfied that it was correct.

due process claim, it is clear from its opinion that the essence of that challenge concerned the rule of state law that permits the State to rely on lay proof of sanity. It is likewise clear from the record that under the standard enunciated in *Jackson* v. *Virginia,* the evidence in support of this conviction was constitutionally adequate.

Accordingly, the writ of certiorari is granted, and the judgment of the Court of Appeals is affirmed.

*It is so ordered.*