David **BELL**, Plaintiff,

v.

The **STATE OF NEW YORK** et al., Defendants.

No. 80 Civ. 2219.

United States District Court, S. D. New York.

Jan. 28, 1981.

David Bell, plaintiff pro se.

Robert Abrams, Atty. Gen., New York City, for defendant State of New York by Burton Herman, Asst. Atty. Gen., New York City.

## MEMORANDUM OPINION AND ORDER

MARY JOHNSON LOWE, District Judge.

Plaintiff, *pro se*, brings this action for violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution. He requests a judgment pursuant to 28 U.S.C. § 2201 declaring his due process rights in the context of a 1975–76 state criminal prosecution that led to his two-count misdemeanor conviction. The Court rules that plaintiff's claims present no substantial constitutional question and therefore dismisses the complaint for lack of subject matter jurisdiction.[1]

### INTRODUCTION

For the purpose of this discussion, the factual allegations in plaintiff's complaint are assumed to be true. Plaintiff asserts:

During the time period relevant to this action, plaintiff was general manager of a motel in Sullivan County, New York. He also was responsible for managing the bar located on the premises, for which he owned a license to sell alcoholic beverages. An assistant manager—the bartender—handled the day-to-day affairs of the bar.

At 3:30 A.M., on July 4, 1974,[2] plaintiff was alerted by an employee that there was

---

1. Defendants moved to dismiss the complaint on the grounds: (1) that the State of New York is immune from suit; (2) that plaintiff has no standing; and (3) that the *Younger* doctrine of abstention (*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)) applies to this case. In light of its holding, the Court does not address those alternative arguments for dismissal.

2. Based on the Court's review of all the papers submitted by the parties, it is apparent that the dates set forth in the complaint are in error. Those documents include briefs and affidavits

**592**

"trouble at the bar." (Complaint, ¶ 6) Plaintiff went to the bar, where he came upon two strangers questioning the bar manager about alleged criminal activities. Plaintiff demanded identification from the two individuals. They reportedly were unable or unwilling to produce any form of I.D., whereupon plaintiff drew out a pistol he was carrying,[3] ordered all patrons and the two interrogators out of the bar, and locked the door behind them.

Some unknown person or object shattered the locked glass door leading into the bar. That event caused the plaintiff to fire his pistol "as a warning to any possible intruder," (Complaint, ¶ 7), and then exit by a rear door to call the police. A short time later, uniformed police arrived. Instead of investigating the broken door, however, they arrested plaintiff when he approached them and charged him with "reckless endangerment" and "resisting arrest." He was taken into custody and then arraigned on the charges.

Several weeks later, a Grand Jury indicted plaintiff for reckless endangerment in the first degree and resisting arrest.[4] Plaintiff was tried in March, 1976[5] and convicted by a jury of reckless endangerment in the second degree and resisting arrest. He was sentenced to one year probation and fined $1500. That conviction was affirmed by the Appellate Division of the New York State Supreme Court.[6] Leave to appeal was denied by the New York State Court of Appeals.[7]

■ Plaintiff maintains that his arrest, incarceration, indictment, trial and sentence were improper because he had no notice or means of knowing that the strangers in his bar were undercover police and because he reasonably believed, at the time, that his person and property were in danger. The specific objections he raises that are relevant to the case[8] include:

1. The state trial court, over his objection, permitted the introduction by police witnesses of the conversations between the police and the bar mana-

---

submitted to the New York State Supreme Court, Appellate Division, Third Department, and the New York State Court of Appeals by plaintiff, as well as the trial transcript. Where plaintiff recites the year "1974" in his complaint, the events actually occurred in 1975. Similarly, where the complaint reads "1975", the correct date is 1976. That error in no way impacts the Court's decision in this case.

3. Plaintiff maintains that he was licensed to carry the firearm.

4. The second charge stemmed from plaintiff's conduct in the bar toward the two unidentified, plain-clothed people. In fact, the two individuals were undercover state police agents and were in the process of interrogating the bar manager on the morning of July 4 when plaintiff intervened.

5. See note 2, supra.

6. According to plaintiff's March 9, 1978 brief to the Court of Appeals, page 2, the jury verdict and trial court's denial of his motion to vacate were affirmed without opinion on December 29, 1977.

7. Leave to appeal was denied on February 21, 1978, according to plaintiff. See note 6, supra. In ' 16 of the complaint, plaintiff also claims that he petitioned for writ of habeas corpus in this court; that the petition was denied be-

cause he was not in custody; that the denial was affirmed by the Second Circuit Court of Appeals; and that certiorari to the United States Supreme Court was denied.

8. The complaint charges, inter alia, that the district attorney "illegally and improperly influenced the Grand Jury" by presenting to it evidence of crimes charged against the bar manager, even though plaintiff never was accused of those crimes or of knowledge that they took place. (Complaint, ' 9) The alleged improprieties before the Grand Jury did not prejudice the trial or conviction of which plaintiff complains because the Grand Jury minutes were not disclosed at trial. Moreover, the Court finds that the alleged error of admitting the prejudicial evidence does not raise a substantial constitutional question. See page ——, infra. Plaintiff also claims that prior to, during, and after his arrest and conviction, "the State Liquor authority and New York State Police conspired to cover-up and conceal [their] malfeasance, misdeeds and misconduct . . . by exerting political and other influence upon the district attorney and the County judge to convict the petitioner . . . ." (Complaint, ' 15) That claim is without a shred of factual support or documentation in the record, and thus is absolutely devoid of merit. See Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904).

ger that erroneously led the jury to associate plaintiff with the alleged crimes of the bartender (Complaint, ¶ 12);

2. The trial court denied plaintiff's offer of extrinsic proof of a robbery and assault at the bar, which involved an assailant impersonating a police officer a few months before the July incident. That evidence was relevant, according to plaintiff, to his defenses of justification and lack of criminal intent (Complaint, ¶ 13);

3. As a result, plaintiff: (a) was deprived of his right to a fair trial and due process of law; (b) suffered public humiliation and distress of body and mind; (c) suffered the loss of the $1500 fine; and (d) suffered the revocation of his license.[9] (Complaint, ¶ 17)

## DISCUSSION OF LAW

■ The statutory provision invoked to establish federal district court jurisdiction over this action is 28 U.S.C. § 1343(3). Section 1343(3) states in relevant part:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States ...;

That provision confers jurisdiction upon this Court over plaintiff's Fourteenth Amendment claims if, and only if, the claims are "of sufficient substance to support federal jurisdiction." *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1373, 1378, 39 L.Ed.2d 577 (1974).[10]

*Hagans*, one of the leading cases interpreting the terms "substantial federal question"/"substantial constitutional claim", states that the question or claim presented is not substantial for the purpose of conferring jurisdiction if

'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'

*Id.* at 537, 94 S.Ct. at 1379, *quoting Ex Parte Poresky*, 290 U.S. 30, 31–32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933).[11] Under that rule, the claims asserted by plaintiff are wholly insubstantial.

## (1)

### Evidentiary Rulings

■ The proper scope of the Court's inquiry into plaintiff's evidentiary objections is guided by the consideration that "preventing and dealing with crime is much more the business of the States than it is the Federal Government ...." *Patterson v. New York*, 432 U.S. 197, 201, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977), *citing Irvine v. California*, 347 U.S. 128, 134, 74 S.Ct. 381, 383, 98 L.Ed. 561 (1954). Federal courts have no jurisdiction under § 1343 to review state criminal proceedings unless the defendant claims that a right secured by the Constitution or federal laws has been denied or abridged.[12]

9. The Complaint does not specify whether plaintiff was alluding to the loss of his license to own a firearm or to sell liquor.

10. "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other.... The District Court's jurisdiction, a matter for threshold determination, turned on whether the question was too insubstantial for consideration." *Hagans v. Lavine*, 415 U.S. 528, 538–39, 94 S.Ct. 1373, 1379, 39 L.Ed.2d 577 (1974).

11. The Court further elaborated: " '[C]laims are constitutionally insubstantial only if the pri-

or decisions inescapably render the claims frivolous....' " *Id.*, 415 U.S. at 537–538, 94 S.Ct. at 1379, *quoting Ex Parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933).

12. Specifically, the Fourteenth Amendment is implicated in the conduct of state trials only where errors "either singly or together were so fundamentally unfair as to deny the defendant a fair trial." *Orr v. Schaeffer*, 460 F.Supp. 964, 966 (S.D.N.Y.1978). Like many of the cases addressing the issue of federal review of state criminal proceedings, *Orr* involved a petition for writ of habeas corpus pursuant to a state criminal conviction. *See, e. g., Forman v.*

Among other things, it is normally 'within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'

*Id.* at 201–202, 97 S.Ct. at 2322, *quoting Speiser v. Randall,* 357 U.S. 513, 523, 78 S.Ct. 1332, 1340, 2 L.Ed.2d 1460 (1958). *Cf. Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

■ It is clear from a long, consistent line of cases that a collateral, due process attack on a state conviction, alleging error in the admission or exclusion of evidence at trial, is foreclosed absent a specific showing of violation of a constitutional right.[13] The inescapable conclusion from the pleadings submitted by plaintiff is that the issue raised is not one of constitutional dimension but concerns evidentiary rulings which do

not offend fundamental principles of justice. Therefore, his claims of error in the state proceedings are not within this Court's jurisdiction.

### (2)
### *Damage To Reputation*

■ Plaintiff's second constitutional claim is that,

during the time when petitioner was arrested and arraigned the state police gave false and inflammatory accounts of the incidents to the news media connecting petitioner with alleged charges as against the bar manager, and allegedly charging petitioner with crime of attempted murder. All of which was widely publicized, causing petitioner to suffer great humiliation, anxiety and distress ... (Complaint, ¶ 11)

Rather than bringing an action under New York law for defamation, plaintiff is claiming relief from this Court for deprivation of rights secured to him under the Due Process Clause. *See Paul v. Davis,* 424 U.S. 693,

---

*Smith,* 482 F.Supp. 941 (W.D.N.Y.1979); *Reese v. Bara,* 479 F.Supp. 651 (S.D.N.Y.1979); *United States v. Follette,* 298 F.Supp. 973 (S.D.N.Y. 1969). The precedential value of of those cases is not diminished by the fact that they are distinct from civil actions brought directly for violation of constitutional rights. Under the habeas corpus statute, 28 U.S.C. § 2254, the federal district court must determine at the start whether a petition for writ of habeas corpus asserts a claim of constitutional or federal statutory deprivation. ("[A] district court shall entertain an application for writ of habeas corpus only on the ground that [a person] is in custody in violation of the constitution or laws ... of the United States.") Therefore, denial of a petition for writ of habeas corpus because the error claimed in the state proceeding is not one of constitutional dimensions would directly implicate the validity of a 42 U.S.C. § 1983 action based on the same alleged error. ·

**13.** *See, e. g., Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (state law allocation of burden of proof of affirmative defense); *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) (remarks of prosecutor during trial); *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) (charge to jury); *Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) (sufficiency of evidence to convict); *Moore v. Duckworth,* 581 F.2d 639,

642 (7th Cir. 1978), *aff'd* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979) ("a federal due process issue is raised 'only where a state court conviction is totally devoid of evidentiary support.' "); *Malley v. Manson,* 547 F.2d 25, 28 (2d Cir. 1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1335, 51 L.Ed.2d 597 (1977) (prosecutorial comments); *Mapp v. Warden,* 531 F.2d 1167 (2d Cir.), *cert. denied,* 429 U.S. 981, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976); *United States ex rel. Smith v. Montayne,* 505 F.2d 1355, 1359 (2d Cir. 1974) (jury charge); *Freeman v. W. T. Stone,* 444 F.2d 113, 114 (9th Cir. 1971) (sufficiency of evidence); *United States ex rel. Griffin v. Martin,* 409 F.2d 1300, 1302 (2d Cir. 1969) (sufficiency of evidence is a question of state law); *Forman v. Smith,* 482 F.Supp. 941 (W.D.N.Y. 1979) (admission of evidence); *United States ex rel. Reid v. Dunham,* 481 F.Supp. 366 (S.D. N.Y.1979) (evidentiary rulings); *Mitchell v. Smith,* 481 F.Supp. 22 (S.D.N.Y.1979) (evidentiary rulings); *Reese v. Bara,* 479 F.Supp. 651 (S.D.N.Y.1979) (admission or exclusion of evidence); *Orr v. Schaeffer,* 460 F.Supp. 964, 966 (S.D.N.Y.1978) (prosecutor's summation, admission of hearsay evidence); *Denti v. Commissioner of Correctional Services,* 421 F.Supp. 557 (S.D.N.Y.1976) (jury charge); *United States v. Follette,* 298 F.Supp. 973 (S.D.N.Y. 1969) (admission of evidence, jury charge, prosecutor's summation).

698, 96 S.Ct. 1155, 1159, 47 L.Ed.2d 405 (1976).

That claim does not present a substantial federal question in light of controlling decisions of the Supreme Court. In *Paul v. Davis, supra,* the Court rejected the argument that a claim against the state police for defaming the plaintiff asserted a cause of action under the Fourteenth Amendment.[14] It held:

> [A]ny harm or injury to that interest [in reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law. *Id.* at 712, 96 S.Ct. at 1165.

*See also Screws v. United States,* 325 U.S. 91, 108–109 (1945) ("Violation of local law does not necessarily mean that federal rights have been invaded.")

The Supreme Court more recently affirmed the principle that torts committed by state officials do not automatically give rise to a federal cause of action: Plaintiffs must identify a specific constitutional right that has been infringed in order to make out a claim under the Fourteenth Amendment. *See Baker v. McCollan,* 443 U.S. 137, 142–43, 99 S.Ct. 2689, 2693, 61 L.Ed.2d 433 (1979). Plaintiff's claims in this action are not distinguishable from those in *Paul v. Davis* or *Baker v. McCollan.* Therefore, they can not be the subject of serious controversy such that this Court has jurisdiction to consider and decide them.

## CONCLUSION

The complaint is hereby dismissed with prejudice for the reason that it does not raise a substantial federal question.

It is so ordered.

14. The Court concluded:

> [W]e think that the weight of our decisions establishes no constitutional doctrine converting every defamation by a public official

into a deprivation of liberty within the meaning of the Due Process Clause of the ... Fourteenth Amendment." 424 U.S. at 702, 96 S.Ct. at 1161.