CALOGERO, Justice,
concurring.
I agree that the trial judge did not err in denying defendant’s motion for a new trial in which he alleged that the state had presented insufficient evidence to overcome his proof that he was insane at the time of the crime.
Unlike some other jurisdictions, Louisiana does not require the state to prove sanity as an element of the offense. Rather, in Louisiana, a defendant is presumed sane. R.S. 15:432. Insanity is an affirmative defense and it is incumbent upon the defendant to prove his insanity by a preponderance of the evidence. C.Cr.P. art. 652; State v. Claibon, 395 So.2d 770 (La.1981); State v. Roy, 395 So.2d 664 (La.1981). Louisiana Revised Statute 14:14 states that legal insanity means that a defendant has a mental disease or defect which prevents him from distinguishing right from wrong with reference to the conduct which forms the basis for the criminal charge against him. The determination of sanity is a factual matter and, as such, is reserved to the jury or other fact finder. Consequently, until recently, this Court did not review the rejection of an insanity defense so long as there was “some evidence” on which to base a finding that a defense was sane at the time of the alleged offense because the Court is limited by the state constitution to review of questions of law in criminal cases. La. Const, of 1974, Art. 5, § 5(C); State v. Poree, 386 So.2d 1331 (La.1980).
Recently, however, this Court decided Claibon, supra, and Roy, supra, and held that the test of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), must be applied to situations where the defendant pleads the affirmative defense of insanity and claims that the record evidence does not support a finding of guilt beyond a reasonable doubt. Under Jackson the critical inquiry is
. . . whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt... . 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.
Our Claibon and Roy decisions were prompted by the holding of the United States Supreme Court in Moore v. Duckworth, 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979), that the “no evidence” standard was the improper one to apply in reviewing the conviction of a state prisoner who had entered an insanity plea.
We enunciated the proper standard of review in the following manner: whether a rational fact finder, viewing the evidence in' the light most favorable to the prosecution, could not have concluded that defendant had failed to prove by a preponderance of the evidence that he was insane at the time of the offense. Applying this standard, we affirmed Claibon’s conviction. However, in Roy we reversed upon finding that Roy had proved by a preponderance of the evidence that he was insane at the time of the offense and that a rational fact finder could not have concluded otherwise.
In the instant case, as in Claibon, only the defense put on expert testimony regarding defendant’s mental state at the time of the offense. In Claibon, we noted that the United States Supreme Court had affirmed the conviction in Moore v. Duckworth, supra, despite the lack of expert witnesses for the prosecution. In the case before us, the defendant called members of his family as witnesses. None of these people testified that defendant was insane in their opinion. Actually, as the majority notes, defendant’s brother and his sister both specifically said that they did not consider him him insane.
The state introduced defendant’s confession. The jury was able to assess defendant’s answers to questions and his narrative of the events of the evening the crime occurred. Defendant’s expert witnesses reached different conclusions regarding de *1314 fendant’s sanity at the time of the crime. Dr. Rittner had not examined defendant until five months after the crime and Dr. Lubin did not examine defendant at all. The jury heard Dr. Rittner testify that he considered defendant insane at the time of the crime, but sane just shortly before the crime and shortly after it. The people who lived with defendant did not ascribe any bizarre behavior to defendant. In his confessions, defendant described how he had gone home after the murder, put his bloody clothing in a bag, taken a shower and gone to bed. The following day defendant laundered the clothing. To a rational fact finder this behavior would not seem consistent with insanity.
For the foregoing reasons, I respectfully concur.