UNITED STATES of America ex rel.
Larry HAMILTON, Petitioner,

v.

Richard DeROBERTIS, Warden,
Stateville Correctional Center,
Respondent.

No. 82 C 2989.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1982.

Larry Hamilton, pro se.

Tyrone C. Fahner, Atty. Gen. by Kenneth A. Fedinets, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondent.

ORDER

BUA, District Judge.

This petition for a writ of habeas corpus was brought pursuant to 28 U.S.C. § 2254 and is before the Court on petitioner's and respondent's cross motions for summary judgment. Fed.R.Civ.P. 56.

The petitioner, Larry Hamilton, is currently incarcerated at Stateville Correctional Center in Joliet, Illinois. Following a jury trial, he was sentenced to a term of 1250 years to 2500 years for murder, 75 years to 150 years for attempted murder and 5 years to 15 years for attempted aggravated kidnapping. His conviction and sentences were affirmed by the Illinois Appellate Court. *People v. Hamilton,* 100 Ill. App.3d 942, 56 Ill.Dec. 308, 427 N.E.2d 388 (1st Dist., 1981).

The petitioner asserts five grounds for relief in his petition. He claims:

1. An illegal arrest and the failure of the state trial court to suppress certain evidence, denied him due process of law as guaranteed by the Fourth and Fourteenth Amendments.

2. Pretrial publicity and the failure of the state trial judge to poll the jury, deprived him of a fair trial.

3. The sentences imposed upon him by the state court violated the Eighth Amendment prohibition against cruel and unusual punishment.

4. He was denied due process of law and a trial by a representative and impartial jury as the trial court improperly *"Witherspooned"* the jury (prospective jurors who expressed opposition to the death penalty were excused from duty). *See Witherspoon v. Illinois,* 391 U.S. 510 [88 S.Ct. 1770, 20 L.Ed.2d 776] (1968).

5. The prosecutor's use of peremptory challenges to exclude persons belonging to "a certain class," denied petitioner due process of law as guaranteed by the Sixth and Fourteenth Amendments.

Petitioner unsuccessfully raised the latter five claims before the Illinois Appellate

Court. *People v. Hamilton, supra.* As the state concedes, petitioner has apparently exhausted his state court remedies with respect to these claims as required by 28 U.S.C. § 2254(b). This fact does not end this Court's exhaustion analysis, however. In his federal lawsuit, petitioner has for the first time alleged that the prosecutor unconstitutionally employed peremptory challenges to exclude blacks from the jury. It is this Court's conclusion that this alternative contention, not raised in the state court, renders this suit a "mixed petition" of exhausted and unexhausted claims which must be dismissed in its entirety as dictated by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

As has already been stated, Hamilton, in the state courts and in his present petition, alleged that "the trial court permitted the prosecution to deliberately use its peremptory challenges to exclude persons belonging to a certain class...." The "distinct class" referred to by the state court consisted of those jurors who were excluded for cause from jury duty within the guidelines set forth in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Petitioner's charge was reviewed by the Appellate Court under the Sixth Amendment and the equal protection clause of the Fourteenth Amendment. The State Appellate Court found no constitutional violation. It held that (1) "the group of excluded jurors presented here cannot be considered a distinct class meriting equal protection status under the Fourteenth Amendment" and (2) "the jury so constituted was impartial and did not violate the representative cross-section requirement of the Sixth and Fourteenth Amendments." *People v. Hamilton,* 56 Ill.Dec. at 314, 427 N.E.2d at 394.

In his present suit, petitioner's claim is quite different than that which was the subject of the above holding. Petitioner now asserts the following in his Summary of Argument:

"Hamilton's Sixth Amendment guarantee to a jury drawn from a fair cross section of the community was violated by the prosecution's use of peremptories challenges to keep blacks off jury is unconstitutional [sic]."

It is true that the deliberate exclusion of blacks from a jury would constitute the exclusion of a distinct class as prohibited by *Hernandez v. Texas,* 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954). However, the classification discussed by the trial court was clearly not one based on race. Therefore, the question before *this* Court is whether exhaustion is essential as to each of petitioner's Sixth Amendment claims or whether the fact that petitioner raised a single Sixth Amendment jury-related argument in the state courts allows a federal habeas court to review claims based upon other Sixth Amendment jury issues. If such other issues are not reviewable, then all of petitioner's claims must be dismissed under the rule of *Rose v. Lundy, supra.* The Court has concluded that exhaustion is essential as to each Sixth Amendment claim, and that, as a result, federal jurisdiction is precluded.

The Court of Appeals for the Third Circuit was faced with a similar exhaustion problem in *Zicarelli v. Gray,* 543 F.2d 466 (3rd Cir.1976). In that case the petitioner brought two separate claims, both within the general ambit of the Sixth Amendment. The first contention involved an alleged violation of the petitioner's right to be tried before a jury of the county where the crime was committed. The second was based on petitioner's assertion that the procedures employed by the state in assembling the jury violated the cross-section concept of the Sixth Amendment. Although petitioner was found to have raised the former argument before the state courts, he had not raised the latter argument. As a result, the Third Circuit, following *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), decided that petitioner had not exhausted his state court remedies and denied habeas corpus relief. This Court believes that the reasoning of the Third Circuit was proper, and that *Zicarelli* and the

*Picard* decision are applicable to the instant suit.[1]

The Supreme Court in *Picard* ruled that a federal habeas court could not entertain an issue presented to it unless the "same claim" had been brought prior to filing the federal law suit. The Court emphasized that "the federal claim must ... [have been] *fairly presented* to the state courts." *Id.* at 275, 92 S.Ct. at 512 (emphasis added). The Seventh Circuit, in interpreting this fair presentation requirement, has recently found that a federal habeas corpus petitioner has "fairly presented" a claim if "he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's federal constitutional rights." *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir.1982), *citing Klein v. Harris,* 667 F.2d 274, 282 (2nd Cir.1981); *Moore v. Duckworth,* 581 F.2d 639, 642–45 (7th Cir.1978), *affd.,* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979).

It is readily apparent from the Illinois appellate court decision in this case that the state courts were not "clearly informed" of the factual basis of petitioner's claim that blacks were deliberately excluded from jury duty. There is no reference to this contention anywhere in the state court's ruling. It is also apparent that petitioner raised one claim in the state courts, saw it fail, and is now attempting to raise a different claim in the federal court. This cannot be allowed. *U.S. ex rel. Lilyroth v. Ragen,* 222 F.2d 654 (7th Cir.1955).

The failure to raise this claim below results in a petition including both exhausted and unexhausted claims. The Supreme Court has recently held that such a suit must be dismissed in its entirety. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379; *see also U.S. ex rel. Clauser v. Shadid,* 677 F.2d 591 (7th Cir.1982).

Accordingly, Hamilton's petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction. Petitioner's motion for summary judgment is denied and respondent's motion for summary judgment is granted.

IT IS SO ORDERED.

---

1. Both *Picard* and *Zicarelli* were decided prior to the adoption by the Supreme Court of the "total exhaustion" rule of *Rose v. Lundy, supra.* Thus in *Zicarelli* the Court, upon finding one of petitioner's claims not to have been exhausted, nevertheless proceeded to address his remaining claims. 543 F.2d at 482. Since *Rose,* this approach is no longer permitted. This fact does not, however, render the reasoning of *Zicarelli* and *Picard* inapplicable. The exhaustion analysis remains the same; only this Court's mandated treatment of additional claims has been altered.