**Joseph S. VASQUEZ, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1081S298.

Supreme Court of Indiana.

June 1, 1983.

Lee W. Dabagia, Patrick E. Donoghue, Sweeney, Winski, Dabagia & Donoghue, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, following a trial by jury, of two counts of Murder, Ind.Code § 35–42–1–1 (Burns 1979), and three counts of Attempted Murder, Ind.Code § 35–41–5–1; § 35–42–1–1 (Burns 1979), and sentenced to five concurrent terms of imprisonment, the longest of which is fifty (50) years. This direct appeal presents the following issues:

(1) Whether the trial court erred in admitting into evidence statements Defendant made to police officers while in custody.

(2) Whether the trial court erred in admitting into evidence non-expert opinion testimony on the issue of Defendant's sanity.

(3) Whether the trial court erred in admitting into evidence four photographs of two of the victims.

(4) Whether the evidence was sufficient to sustain the convictions.

(5) Whether the trial court erred in sentencing Defendant.

## ISSUE I

Over a continuing objection, the trial court allowed several police officers to relate statements Defendant had made following the incident. Initially, the court had suppressed these statements for want of a knowing and voluntary waiver of rights; however, at trial, the court admitted them for their bearing upon Defendant's claim of insanity. *See Turner v. State,* (1981) Ind., 428 N.E.2d 1244, 1247 (cases cited therein). Defendant contends that, because he bore the burden of proof upon the issue of insanity, Ind.Code § 35–41–4–1(b) (Burns 1979), he was prejudiced by the trial court's allowing the State to present this evidence of Defendant's sanity in its case in chief. *See Phelan v. State,* (1980) Ind., 406 N.E.2d 237, 238; *Mingle v. State,* (1979) Ind.App., 396 N.E.2d 399, 403 (trans. denied). The State correctly notes that this objection was not asserted in the trial court. Rather, Defendant only reiterated the suppression order, which the trial court noted had been entered prior to Defendant's plea of insanity.

Defendant has preserved nothing for review. He may not state one reason for an objection at trial and then rely upon another on appeal. The latter reason is deemed waived, as it was not properly brought to the trial court's attention. *Shepler v. State,* (1980) Ind., 412 N.E.2d 62, 68.

## ISSUE II

Next, Defendant assigns error to the trial court's allowing the following testimony which was elicited by the State from a police officer and concerned Defendant's behavior shortly after his arrest:

"Q. Were his rights read to him? His *Miranda* warnings?

"A. Yes, they were.

"Q. And did he indicate whether he understood those rights?

\* \* \* \* \* \*

"A. Yes, he did indicate. He answered yes that he did understand his rights." R. at 517–18.

Defendant objected as follows:

"MR. DABAGIA: To which we'll object, Your Honor. How does he know whether or not his rights were understood?"

Defendant claims that the officer's testimony invaded the province of the jury. His argument, however, clearly ignores that the officer's answer was not an opinion but merely a statement of what he had observed the Defendant do in response to having had *Miranda* advisements read to him. *See Norton v. State,* (1980) Ind., 408 N.E.2d 514, 525–26; *Franks v. State,* (1975) 262 Ind. 649, 658, 323 N.E.2d 221, 226; *Pettit v. State,* (1982) Ind.App., 439 N.E.2d 1175, 1180. There was no error in the trial court's allowing the officer to answer the question.

## ISSUE III

Defendant next assigns error to the admission into evidence of four photographs. The first two, which depicted one of the Attempted Murder victims at the scene, were admitted over an objection of

" * * * not being relevant to the proceedings." This objection preserved nothing for review. *Thomas v. State,* (1982) Ind., 436 N.E.2d 1109, 1112. The second two photographs depicted the body of the four year old female Murder victim. The record shows that Defendant made only a naked objection to these exhibits, which objection preserved nothing for review. *Riley v. State,* (1981) Ind., 427 N.E.2d 1074, 1077. Finally, we note that these photographs depicted nothing so gruesome or irrelevant as to have been rendered inadmissible. *Loy v. State,* (1982) Ind., 436 N.E.2d 1125, 1127–28 (cases discussed therein).

## ISSUE IV

Defendant is an alien of Mexican origin and unlawfully present in this country. He premises his challenge to the sufficiency of the evidence upon a claim that the psychiatrist of Mexican origin, who testified that Defendant was insane at the time of the offense, offered the only evidence of probative value upon the issue of insanity. He vigorously asserts the difficulties the two American psychiatrists had in communicating with him; however, Dr. Noonan testified that he needed the interpreter during the examination, and that she was extremely helpful to performing a thorough examination, and Dr. Berkson testified that he had not experienced any particular difficulty in communicating with Defendant. We are not at liberty to reweigh the testimony of these experts. *Price v. State,* (1980) Ind., 412 N.E.2d 783, 786. Moreover, there was additional evidence of probative value from which the jury could have inferred Defendant's sanity. A few minutes before he repeatedly fired a rifle from the driver's window of his automobile, Defendant had threatened to kill the group of people that had gathered in his neighbor's front yard for a picnic. After the shootings, Defendant drove off. Additionally, there was evidence of his lucid and rational conduct and statements made at the police station following his arrest. Even if the jury had ignored the experts' testimony, under our standard of review, its verdict, in light of all of the evidence, would not be disturbed. *Moore v. Duckworth,* (7th Cir. 1978) 581 F.2d 639, 641–42, *affirmed,* (1979) 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (per curiam).

## ISSUE V

Under this heading, Defendant first assigns error to the imposition of two concurrent fifty year terms of imprisonment upon the Murder convictions. In support of the enhanced sentence, the court stated:

" * * * Court finds the aggravating circumstances to be that the defendant planned, thought about and reflected upon his acts prior to the commission. The evidence shows that he placed the gun in his automobile at his home and then proceeded in a calm, deliberate manner to the home of his intended victim; that he paused in front of the house and then commenced firing repeatedly, thus under no circumstances can he claim that his act was done in a sudden heat or an impulse. Now, with one exception, none of the victims had given him any cause or excuse for a physical attack. And even if they had, it is well settled in our law that words alone do not justify violence, and certainly not murder." R. at 802–03.

This case was tried as a capital case, the State having alleged the aggravating circumstance of "lying in wait". Ind. Code § 35–50–2–9 (Burns 1979). In imposing the sentence, the judge specifically adopted the jury's recommendation that the death penalty not be imposed. By so doing, however, he was not thereafter limited in considering the circumstances of the crime as favoring an enhanced sentence. There is nothing in the record to support Defendant's contention that the jury's recommendation upon the death penalty charge operated as an estoppel against the trial court's exercising its separate, discretionary, and statutorily granted sentencing power under Ind.Code § 35–4.1–4–7(d) (35–50–1A–7(d) (Burns 1979)). *See McCawley v. State,* (1980) Ind., 409 N.E.2d 594, 596. There is no merit to this assignment of error.

Lastly, with respect to the sentences imposed upon all counts, Defendant contends that the trial court erred in not considering mitigating circumstances. He cites various items of testimony in the record; however, none detracts from the trial court's finding that several of the victims were innocent bystanders. Additionally, Defendant argues, without citation to authority, that the trial court should have considered the one psychiatrist's finding that he was insane as a mitigating circumstance under Ind.Code § 35–4.1–4–7(b)(4) (35–50–1A–7(b)(4) (Burns 1979)). It is apparent from the trial court's findings, however, that it did not credit that psychiatrist's opinion but agreed with the jury that Defendant was sane. The record does not reveal any error in the sentencing and does not disclose that the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2(1).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.