758 F.2d 1010
 Earl David INGE, Appellee,
v.
Raymond K. PROCUNIER, Director, Department of Corrections,
Appellant.
Earl David INGE, Appellant,
v.
Raymond K. PROCUNIER, Director, Department of Corrections, Appellee.
 Nos. 84-6154, 84-6259.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1984.
Decided April 4, 1985.
 
 John E. Falcone, Lynchburg, Va. (Mosby & Falcone, J. Barrett Jones, Lynchburg, Va., on brief) for Inge.
 James E. Kulp, Sr. Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen., Richmond, Va., on brief), for Procunier.
 Before WIDENER and SNEEDEN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 WIDENER, Circuit Judge:
 
 
 1
 These are appeals from the district court's disposition of a habeas corpus petition brought under 28 U.S.C. Sec. 2254. The district court considered the three grounds for relief stated in the petition and found that two grounds were without merit. The court, however, granted the writ on the basis of the third ground for relief after determining that petitioner had been denied effective assistance of counsel in his state court trial. 580 F.Supp. 1342. The Commonwealth appeals the district court's judgment granting the writ; Inge cross-appeals from the decision denying relief based on the other two grounds asserted in the petition. We reverse the district court's judgment granting the writ and affirm the decision as to the disposition of the other grounds for relief.
 
 
 2
 Petitioner Earl David Inge was convicted by a state court jury of first degree murder in the Circuit Court of the City of Lynchburg, Virginia on November 3, 1975. The Supreme Court of Virginia affirmed Inge's conviction with a formal opinion. Inge v. Commonwealth, 217 Va. 360, 228 S.E.2d 563 (1976). Inge now seeks to collaterally attack his conviction upon three grounds. He alleges: (1) insufficiency of the evidence; (2) impermissibly suggestive identification of a truck; and (3) denial of effective assistance of counsel. The facts concerning petitioner's conviction are set out in Inge v. Commonwealth, supra, and we refer to that opinion for any facts not stated here.
 
 
 3
 Inge was charged and convicted of murdering one Clifford Smith the evening of April 26, 1975. Smith died in his Lynchburg apartment after he received a blast from a shotgun which had been fired through a rear window of his apartment. Although no direct evidence was introduced at trial to connect Inge to the crime in the sense that no one saw Inge do the shooting, the Commonwealth was able to link him to Smith's murder by circumstantial evidence. 228 S.E.2d at 565. The evidence showed that Smith's apartment was burglarized almost three weeks prior to the murder and that Smith had chased the intruder through a wooded area behind Smith's apartment and later identified Inge as the burglar. The evidence further showed that even though petitioner threatened Smith, "Don't get me into trouble," Smith testified against petitioner on the burglary charge at a preliminary hearing only a few days before the murder. Of course his testimony at a later trial was expected. One witness testified that, a few days after the burglary, but prior to the killing, she had seen a man, who she later identified as Inge, peering into windows at Smith's apartment complex and looking at the wooded area behind. Testimony placed Inge on a dead end street near Smith's apartment on the evening of the murder. One witness, Gilbert Baldock, testified that he had seen a pickup truck, of the same detailed description as Inge's truck, heading down Fleetwood Drive at approximately 8:30-8:40 p.m. on the evening of April 26. The dead end of Fleetwood Drive is not more than a city block from Smith's apartment. In the area between this dead end and the apartment lies a path leading down a wooded embankment toward Black Water Creek. Smith's apartment was just across the creek. The shooting occurred sometime between 9:00 and 9:05 p.m. The second witness testified that a vehicle was moving very fast out of Fleetwood Drive sometime between 9:30 and 10:00 p.m. on April 26.
 
 
 4
 The police interrogated Inge several hours after the murder, and he admitted that he had fired a shotgun on April 26 while he was at his parents' house outside of Lynchburg. The police then went to the home of petitioner's parents around 3:10 a.m. on April 27 and therein observed two shotguns. One gun was clean and the other gun was filled with sand around the breach. The police officers left without seizing the guns but returned the next day with a search warrant. When the officers seized the shotguns, both guns were clean. Inge admitted that he had cleaned the gun after he was questioned about the killing and that the gun that he cleaned was the gun he fired on April 26.
 
 
 5
 It was the Commonwealth's theory of the case that Inge parked his truck at the end of Fleetwood Drive, walked down to Black Water Creek, crossed the creek by walking on a sewer pipe, found and shot Smith at his apartment, retraced his steps, and fled in his pickup truck. 228 S.E.2d at 565. It was also the Commonwealth's theory that Inge had cleaned the shotgun after the police had seen it so that it would be impossible for the police to identify the gun as the murder weapon.
 
 
 6
 Inge's defense at trial was alibi. He testified that he was fishing in the early evening on April 26 and that he returned to his parents' home to pick up his son later that evening. He also testified that he and his son left his parents' home at about 9:00 p.m. to return to Lynchburg and that he had taken a circuitous route home which placed him at or near Smith's apartment at about 9:30 p.m.
 
 
 7
 We will consider initially the two grounds for relief that the district court found to be without merit. First, that there was insufficient evidence to support the conviction. We agree with the district court that under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence was sufficient to support the conviction. Jackson establishes a standard of review for a federal habeas corpus court to apply in considering whether sufficient evidence exists to support a state court conviction against a due process attack. As a federal constitutional matter, the due process clause of the fourteenth amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Jackson provides that a state court conviction will withstand a due process attack on sufficiency of evidence grounds if the federal habeas corpus court determines, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 318-19, 99 S.Ct. at 2788-89 (emphasis in original). We find that the district court correctly applied the Jackson standard in determining that although the evidence against petitioner was circumstantial, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 
 8
 Petitioner nevertheless argues that Jackson requires this court to apply a higher standard of review for determining sufficiency of the evidence because the Supreme Court of Virginia has adopted a stricter standard of review for cases involving entirely circumstantial evidence. In Virginia, a court reviewing sufficiency of the evidence in such a case must satisfy itself that "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 313 S.E.2d 390, 393 (1984). The Virginia standard of review is simply a state evidentiary rule, see Massie v. Commonwealth, 140 Va. 557, 5674, 125 S.E. 146, 148 (1924), which is not constitutionally mandated by the due process clause. While the Supreme Court has indicated that a federal court reviewing a state court judgment under Jackson appropriately may consider state evidentiary rules in weighing the sufficiency of the evidence, see Moore v. Duckworth, 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979) (per curiam), such deference to state evidentiary law is nothing more than a reviewing court's consideration of state evidentiary law which the state court uses in the determination of whether the substantive elements of a particular offense have been proved.
 
 
 9
 Contrary to what Inge argues, Jackson mandates application of a federal standard of review for sufficiency of the evidence because the substance of habeas corpus relief is based on federal due process grounds. Thus, even though the Virginia standard of review requires the exclusion of every reasonable hypothesis of innocence, a habeas corpus court is not free to reject the federal standard in favor of a stricter state standard that is not constitutionally mandated. Simply put, a federal court may review a state court judgment under 28 U.S.C. Sec. 2254 only upon a showing by a state prisoner that "he is in custody in violation of the Constitution or laws or treaties of the United States." Pulley v. Harris, 465 U.S. 37, ----, 104 S.Ct. 871, 873, 79 L.Ed.2d 29 (1984). Matters of state law which do not implicate federal constitutional protections are not cognizable under Sec. 2254. Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir.1976). Therefore, on our habeas corpus review of petitioner's conviction we should not adopt Virginia's stricter standard of review for sufficiency of the evidence because Jackson establishes the federal standard for determining whether sufficient evidence exists to uphold a conviction against a due process attack. We accordingly find that the district court correctly considered the sufficiency of the evidence under Jackson to determine that any rational trier of fact could have found from the evidence presented the essential elements of the crime beyond a reasonable doubt. It is not out of place to note, however, that the Virginia court in the direct appeal in this very case applied the strict standard sought by Inge. 228 S.E.2d at 567.
 
 
 10
 We next consider the claim that Inge was denied a fair trial based on the admission into evidence of what is alleged to be an unconstitutionally suggestive identification of Inge's truck by a witness for the Commonwealth. At trial, Gilbert Baldock testified that while he was mowing his lawn on the evening of April 26, he had seen a pickup truck driving down Fleetwood Drive somewhere between 8:30 and 8:40 p.m. Baldock also testified that he identified the same truck two days later when police officers took him to Inge's place of employment. Inge claims that the testimony of Baldock concerning the identification of Inge's truck deprived him of a fair trial because Baldock's identification of the truck was made under circumstances that were unconstitutionally suggestive. At the time Baldock viewed the truck at Inge's place of employment, police officers were around the truck taking pictures. Petitioner claims that this was a "one-on-one" confrontation inherently suggestive under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The district court, as did the Virginia court, refused to treat the identification of the truck as an identification of an individual requiring certain constitutional safeguards. It declined to review the admissibility of the evidence of the identification of the truck under Grundler v. North Carolina, 283 F.2d 798 (4th Cir.1960).
 
 
 11
 We agree with the district court and the Virginia court that the identification of a truck is not governed by the constitutional limitations that control the identification of a defendant. Objections in the nature of those made here rather go to the weight and sufficiency of the evidence than as a constitutional limitation on its admissibility. We should add, however, that Baldock, in any event, was not an ordinary witness, for he had been engaged in the sale of automobiles for 13 years. Moreover, Baldock was able to describe the truck he saw on Fleetwood Drive in great detail, including such details as the model, make, wheel base, color, and wood or simulated wood vinyl paneling on the sides. Admission of the testimony was not error at all, much less constitutional error given the accuracy of Baldock's detailed description of the truck, his opportunity to observe, and his qualifications to recognize and describe that which he saw. We thus agree with the district court's refusal to grant relief on this ground.
 
 
 12
 Finally, we consider the district court's grant of the writ based on ineffective assistance of counsel. Inge claims that he was denied effective assistance of counsel because his attorneys failed to object to the exhibition of two shotguns at trial which the Commonwealth did not introduce into evidence. It is undisputed that the two shotguns the police officers seized from the home of Inge's parents remained on or underneath the Commonwealth's Attorney's table throughout the trial. While both the Commonwealth and Inge made repeated references to the shotguns, the prosecution did not move to have the shotguns admitted into evidence. Inge now argues that the presence of the shotguns at the trial had a prejudicial effect on his defense and that he was denied effective assistance of counsel because his attorneys failed to take any action to exclude the shotguns from the view of the jury or otherwise to object to the presence of the guns in the courtroom.
 
 
 13
 The district court determined that under Marzullo v. Maryland, 561 F.2d 540 (4th Cir.1977), the applicable test for resolving petitioner's ineffective assistance of counsel claim was the test announced by the United States Supreme Court in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Under McMann, the district court considered whether the legal services rendered petitioner were "within the range of competence demanded of attorneys in criminal cases." See 397 U.S. at 770-71, 90 S.Ct. 1448-49. It found that, although Inge's attorneys were effective in most respects, "the specific failure of counsel to object to the use and display of the shotguns not admitted into evidence constituted a grave and fundamental error." The court further found that the prejudicial effect of trial counsel's inadvertence was great enough to require issuance of the writ.
 
 
 14
 Initially, we note that the district court decided petitioner's ineffective assistance of counsel claim prior to the Supreme Court's announcement of a two-prong test for deciding such claims in Strickland v. Washington, --- U.S. ----, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nevertheless, the standards that the district court applied in resolving petitioner's claim were essentially the same standards the Supreme Court later articulated in Strickland in formulating the two-prong test for judging ineffective assistance of counsel claims. Strickland requires simply that "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 104 S.Ct. at 2064. The second requirement of Strickland is that "... any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." 104 S.Ct. at 2067.
 
 
 15
 Because we are of opinion the performance of Inge's attorneys was reasonable considering all the circumstances and was within "the wide range of professionally competent assistance," Strickland, 104 S.Ct. at 2067, which is acceptable, we reverse the decision of the district court to issue the writ.
 
 
 16
 The shotguns complained of were seized by the officers pursuant to a search warrant, the validity of which is not complained of. They were brought into the courtroom by the Commonwealth at or near the beginning of the trial and were referred to both by the prosecution and the defense from opening statement to closing argument. Inge himself testified about them, as did Inge's mother, who appeared as a defense witness, and at least two of the officers. Smith was killed by a shotgun fired through his back window the night of April 26th. Inge admitted firing one of the shotguns on the 26th. He further admitted coming back to his parents' home and cleaning that same shotgun, which was dirty, after he was questioned by the officers about the murder. That both guns were admissible into evidence is beyond argument, and the district court found they were admissible. The evidence is uncontradicted that the Commonwealth's Attorney had intended to introduce the shotguns but simply forgot to do so. They were treated as being a part of the case by both sides from beginning to end, and an objection to their admissibility would have been idle.
 
 
 17
 Under these circumstances, whether the defense attorneys simply didn't think to object or deliberately did not object to the presence of the shotguns is immaterial. An objection could only have called the guns to the jury's additional attention. A motion to exclude the guns from the courtroom could have resulted only in the Commonwealth's Attorney correcting his inadvertence and caused him to have the guns admitted. Indeed, it is not subject to strained conjecture that had the defense attorneys moved for the exclusion of the guns, which motion resulted in their being admitted into evidence, they would be now defending themselves for making a mistake in correcting the inadvertence of the Commonwealth's Attorney to the detriment of their client. In this respect, we should also add that since the guns were not introduced into evidence, the jury did not take the guns to the jury room when it retired. Had the guns been introduced into evidence, this further danger is apparent.
 
 
 18
 Thus, we do not think the failure of the defendant's attorneys to object to the presence of the shotguns in the courtroom amounts to professional error at all, much less performance which is not reasonable under all the circumstances and which is outside the wide range of professional competence which is acceptable.[1]
 
 
 19
 The decision of the district court with respect to the cross-appeal by Inge is AFFIRMED.
 
 
 20
 The judgment of the district court that a writ of habeas corpus issue is REVERSED.
 
 
 
 [1]
 We do not believe that Standard 4-7.5(c) of the ABA Standards for Criminal Justice has any application in this case. The claim is made that Inge's attorneys were ineffective in permitting the Commonwealth's Attorney to engage in unprofessional conduct by permitting the shotguns to be displayed prior to the time a tender was made to admit them into evidence. There is no claim that the Commonwealth's Attorney did this deliberately, and the record is uncontradicted that the failure to offer the shotguns into evidence was nothing more than inadvertence. Cases are commonplace in which some exhibit is not formally admitted into evidence through inadvertence, and we are of opinion the ABA standard simply has no application in such cases