Joel WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00-8604-CR-376.

Supreme Court of Indiana.

Aug. 18, 1987.

Scott King, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A trial by jury resulted in a conviction of appellant on two counts of Robbery, Class B felonies. Appellant was sentenced to twenty (20) years on one count and to ten (10) years on the other count.

The facts are: Theresa Grigsby was in her barber shop when a man with a gun entered and robbed her. During the robbery, Charles Horton, a customer, entered the barber shop and was also robbed by the gunman. Horton's gun was taken during the robbery.

After the robbery, Horton saw the robber and reported this to the police with a description of the robber's car and his license plate number. Police obtained further information from a confidential informant. Approximately two weeks after the robbery, the police first found the car parked on the street. After keeping the car under surveillance, they observed an individual, who matched the description of the robber, driving the car. Police stopped the vehicle and in a subsequent search recovered Horton's gun from the floorboard of the vehicle.

Appellant's sole assignment of error is that the trial court erred in admitting State's Exhibit No. 2 into evidence, the same being Horton's gun. It is appellant's claim that the gun was obtained in an illegal warrantless arrest and that the police had no probable cause to effect such an arrest.

Appellant had made an oral motion to suppress the evidence prior to trial. The motion was made on the premise that the arrest was made without a search warrant and without probable cause. The motion to suppress was denied. When the evidence was offered during the trial, no mention was made of a lack of a search warrant or a lack of probable cause or warrantless arrest. The objection was made on a lack of foundation to connect the exhibit with appellant and an objection to the paper and plastic in which the gun was packaged at the time of the offer.

When a defendant has made a motion to suppress, which has been denied, and the evidence is later offered by the State, it is necessary that the defendant make an objection at that time. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102. Appellant cannot state one objection at the trial and rely on a different objection on appeal. *Vasquez v. State* (1983), Ind., 449 N.E.2d 284.

If, however, we would presume for the sake of argument that the question of a warrantless arrest is properly before this Court, an examination of the record discloses that the officers did in fact have probable cause to effect a warrantless arrest. Although Horton had furnished them with a description of appellant and his car, he did not furnish a name. When officers first observed appellant, he was driving the car they had under surveillance. The descriptions they had from the victim of the robbery clearly gave them probable cause to believe appellant was the robber. *See Clifford v. State* (1985), Ind., 474 N.E.2d 963. The fact that appellant was driving a vehicle at the time he was observed gave no opportunity for the officers to obtain a search warrant prior to his arrest.

We hold the trial court did not err in admitting the gun into evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.