872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel Theodore WRIGHT, Petitioner-Appellant,
v.
R.M. MUNCY, Mary Sue Terry, Attorney General of Virginia,
Respondents- Appellees.
 No. 88-6796.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 10, 1989.
Decided March 24, 1989.
Rehearing Denied May 1, 1989.
 
 Samuel Theodore Wright, appellant pro se.
 Linwood Theodore Wells, Jr., Office of the Attorney General of Virginia, for appellees.
 Before ERVIN, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel T. Wright, a Virginia inmate, seeks to appeal the judgment of the United States Magistrate dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254.[1]
 
 
 2
 Wright was convicted after a bench trial of felony escape and was given a five year sentence. Wright appealed his conviction, raising only the issue of sufficiency of evidence. The Supreme Court of Virginia denied the petition for appeal. Thereafter, Wright filed a petition for habeas corpus relief in the Supreme Court of Virginia, raising a number of claims, including a claim of insufficient evidence and a claim of ineffective assistance of counsel. The supreme court found that a number of Wright's claims were barred because he had not raised the claims in his direct appeal. The supreme court declined to reconsider the claim of evidentiary insufficiency because the claim had been decided against Wright on direct appeal. Finally, the court found no merit to Wright's claims of ineffective assistance of counsel.
 
 
 3
 In his federal petition, Wright raised the same claims that he had previously presented to the Supreme Court of Virginia in his state habeas petition. Both parties consented to the jurisdiction of the United States Magistrate.[2] The magistrate concluded that, because of Wright's procedural default in state court, and because he had not shown cause and prejudice for his failure to comply with Virginia's procedural rules, a number of his claims, including a portion of the sufficiency of the evidence claim, were barred for federal review under the rule of Murray v. Carrier, 477 U.S. 478 (1986). The magistrate found no merit to any of Wright's ineffective assistance of counsel claims, his claim of denial of a fair trial, or a portion of Wright's claim that the evidence was insufficient to sustain his conviction. With the exception of the claims concerning insufficient evidence, we dismiss the appeal on the reasoning of the magistrate. Wright v. Muncy, C/A No. 88-376-R (E.D.Va. Aug. 31, 1988).
 
 
 4
 We also dismiss as to the claim concerning insufficient evidence, but for reasons slightly different than those given by the magistrate. Because Wright had properly presented his claim of insufficient evidence to the Supreme Court of Virginia in his direct appeal, the supreme court's refusal to reconsider this claim when it was brought in a later state habeas corpus petition is insufficient to subject that claim to application of the state's procedural bar. The claim was properly exhausted in the state courts and was ripe for federal review.
 
 
 5
 The standard of review on habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). A federal habeas court does not apply a stricter state standard of review for sufficiency of the evidence, since such a standard is a state evidentiary matter that does not implicate constitutional concerns. See Inge v. Procunier, 758 F.2d 1010 (4th Cir.), cert. denied, 474 U.S. 833 (1985). A reviewing court must consider circumstantial as well as direct evidence and must allow the prosecution the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982). Additionally, circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Chappell, 353 F.2d 83 (4th Cir.1965). Finally, credibility of witnesses is within the sole province of the factfinder and is not susceptible to review. Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 6
 We have examined the summary of the facts contained in Wright's petition for appeal to the Supreme Court of Virginia in light of the above standards and conclude that the evidence offered by the Commonwealth against him was more than sufficient to establish his guilt beyond a reasonable doubt. Consequently, Wright's claim that the evidence was insufficient is without merit.
 
 
 7
 We deny a certificate of probable cause to appeal and dismiss the appeal for the reasons stated. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 We deny Wright's motion for appointment of counsel. The issues are not overly complex, and Wright has demonstrated his ability to litigate them. Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984)
 
 
 [2]
 Jurisdiction is proper under 28 U.S.C. Sec. 636(c)(1)