542 So.2d 707 (1989)
STATE of Louisiana
v.
Kip LOZARD.
No. 88-KA 0600.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
*708 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Before BYRNES, CIACCIO and R. WARD, JJ.
CIACCIO, Judge.
Defendant Kip Lozard was charged with co-defendant, Keith Nelson,[1] for the attempted simple robbery of Gregory Pounds. La.R.S. 14:27, 14:65. Following a plea of not guilty and not guilty by reason of insanity, a jury found Lozard guilty as charged. He thereafter filed a motion for judgment of acquittal or alternatively for a modification of verdict which was denied. He was sentenced to three years at hard labor, suspended and placed on five years active probation conditioned upon his obtaining mental treatment and completing his college education.
He appeals his conviction and sentence alleging two assignments of error. We reverse the conviction after finding merit with one of the assignments of error.
On the night of July 28, 1986 Mr. Frenkel Pounds, Sr. left his house at approximately 10:30 p.m. and proceeded to the area of Dwayne and Beckman Streets in New Orleans East in order to await the arrival of a Public Service Bus which would take him to work. Mr. Pounds took with him a radio with the intent that this would keep him awake, for he had been up since early that morning. Mr. Pounds arrived at the bus stop, sat down and was listening to his radio when three men crossed the street.
The three men had been talking, smoking and drinking. Upon seeing Mr. Pounds they asked him if they could listen to his radio and Pounds agreed. A brief discussion occurred and at that time the bus arrived and Pounds stood up and picked up his bags. As he did this, Keith Nelson took Mr. Pound's radio. Pounds told Nelson to "Let me have it" and Nelson replied "No way" and jerked the radio away. At that time, Kip Lozard came up behind Pounds and put his arms around the victim. Mr. Pounds at this time had his hands on the radio and he turned around and pushed Lozard away. Nelson then struck the victim on the side of his head. The victim managed to enter the bus, followed by Lozard. The bus driver had observed this incident, and ordered Lozard to leave the bus. Lozard initially refused but, finally, exited the bus.
The bus proceeded on its normal route and further down the bus line a policeman was flagged down by the bus driver. The victim gave a statement to the policeman. The victim and the policeman proceeded to the area of the crime. At the Curran Place Apartments, the victim spotted his assailants. The policeman confronted the assailants and read their rights to them before he placed them under arrest for simple robbery. The accused were taken to see the bus driver who also identified them, and thereafter they were transported to Central Lockup.
Shortly after his arrest, the defendant, who had a history of mental illness, was *709 examined by Dr. Juarez, who found him to be again suffering from mental illness, and administered injections in an attempt to put Lozard into remission.
The defendant was also examined by the sanity commission which was comprised of Dr. Kenneth Ritter and Dr. Ignacio Medina, Jr. The defendant was found to be psychotic, suffering from paranoid schizophrenia. It was Dr. Ritter's expert opinion based on two examinations of Lozard that at the time of the offense he was psychotic and did not know the difference between right and wrong.
In his first assignment of error the defendant "contends that the State failed to prove beyond a reasonable doubt that he was competent and knew the difference between right and wrong at the time of the offense."[2]
A defendant is exempt from criminal responsibility if because of a mental disease or defect he was incapable of distinguishing between right and wrong with respect to the conduct in question. La.R.S. 14:14. State v. Poree, 386 So.2d 1331 (La., 1979). There exists a legal presumption that the defendant is sane and responsible for his actions. La.R.S. 15:432. State v. Poree, supra. The presumption of sanity may be rebutted by the defendant who must prove by a preponderance of the evidence his defense insanity. La. C.Cr.P. Art. 652, State v. Poree, supra.
The standard of review utilized when a defendant pleads the affirmative defense of insanity is "whether under the facts and circumstances of the case any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could conclude that defendant had not proved by a preponderance of the evidence that he was insane at the time of the offense." State v. Claibon, 395 So.2d 770 at 772 (La., 1981); State v. Bell, 471 So.2d 277 (La.App. 4th Cir., 1985).
In this case Dr. Kenneth Ritter was qualified as a forensic psychiatrist. He testified he had been appointed by the court as a member of the sanity commission to examine the defendant, and he had determined that the defendant suffers from paranoid schizophrenia. He expressed the opinion that the defendant was psychotic at the time of the crime and did not know the difference between right or wrong.
On cross, Dr. Ritter testified he had examined the defendant twice, once on September 18, 1986 and again on January 29, 1987. When he first examined him, he learned the defendant had already been diagnosed as acute paranoid schizophrenic by Dr. Juarez, a psychiatrist with Charity Hospital. Juarez began treating the defendant one week after the arrest and found he was grossly psychotic at the time. Juarez had treated the defendant at some point in the past and put him into remission through the use of drugs. After the defendant left the hospital, he quit taking his medication and the psychotic condition returned.
Dr. Ritter had no way of knowing whether the defendant was taking his medication on July 26, 1986. He did say the defendant was "grandiose and disassociated in his thought processes" when he saw him September 18th. He said he was in remission by January 28th. He also said that if the defendant had been drinking alcohol or smoking "clickums" before the incident, the ingestants would have aggravated his condition.
This expert testimony, which was unequivocal, established the defendant's insanity at the time of the crime and, as such, was sufficient to rebut the legal presumption of sanity.
The State failed to present any expert testimony to refute this defense. See: State v. Roy, 395 So.2d 664 (La., 1981).
Although lay testimony has been effectively utilized to rebut such a defense, this was not done in the present case. See: State v. Claibon, supra, citing Moore v. Duckworth, 443 U.S. 713, 99 S.Ct. 3088, 61 *710 L.Ed.2d 865 (1979); State v. Liner, 397 So.2d 506 (La., 1981).
The lay testimony in this case is short and neutral on the issue of sanity. The testimony presented does not explain the actions of the defendant as being consistent with sanity or insanity. Accordingly, the lay testimony was insufficient to support a jury finding that the petitioner was sane at the time of the offense.
Thus, viewing the evidence in the light most favorable to the prosecution, under the facts and circumstances of this case, any rational fact finder could not have concluded that the defendant failed to prove his insanity at the time of the offense by a preponderance of the evidence.
For these reasons this assignment has merit and we are legally compelled to reverse the defendant's conviction and sentence. In view of this finding we have no need to address the other assignment of error.
Accordingly, the defendant's conviction and sentence are reversed.
REVERSED AND RENDERED.
BYRNES, J., dissents.
BYRNES, Judge, dissents with reasons.
I respectfully dissent. In reviewing a claim of insufficiency of evidence in regard to the defense of insanity, a reviewing court should apply the test set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact, could have found beyond a reasonable doubt that the defendant had not proved by a preponderance of the evidence that he was insane at the time of the offense. State v. Nealy, 450 So.2d 634 (La.1984).
In the instant case, the jury was presented with an account of the crime by the victim and by an independent witness. In those accounts the defendant's behavior was described as neither psychotic nor abnormal. Evidence also reflected the defendant was suffering from a mental illness and that his condition worsened when he failed to take his medication.
Relying on these facts and viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have concluded that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the offense. Therefore, defendant's conviction and sentence should be affirmed.
NOTES
[1] Keith Nelson entered a plea to attempted simple robbery.
[2] Insanity is an affirmative defense which the defendant must prove by a preponderance of the evidence. La.C.Cr.P. Art. 652.