| WALTZER, Judge.
STATEMENT OF THE CASE
On 3 September 1986, the defendant, Kip Lozard, was charged by bill of information with attempted simple burglary. The defendant entered a plea of not guilty and not guilty by reason of insanity at his arraignment on 11 September 1986. The defendant was determined to be incompetent to proceed on 18 September 1986 and was determined to be competent to proceed on 29 January 1987. Thereafter, on 13 February 1987, the defendant entered a *122 plea of not guilty and not guilty by reason of insanity. After a jury trial on 15 April 1987, the defendant was found guilty as charged. On 24 July 1987, the defendant was sentenced to three years. The sentence was suspended and defendant was placed on five years active probation. On appeal, this Court reversed the defendant’s conviction, finding that the defendant was not guilty by reason of insanity. State v. Lozard, 542 So.2d 707 (La.App. 4 Cir. 1989), writ denied, 548 So.2d 1245 (La.1989).
During the pendency of the appeal, the State filed a motion to revoke the defendant’s probation. The trial court dismissed the probation revocation motion and released defendant to his probation officer on 15 March 1988. On 18 October | ¡>1989, after the Louisiana Supreme Court had denied writs of certiorari from this Court’s reversal of defendant’s conviction, the trial court conducted a status hearing and ordered the defendant to be examined by Drs. Ritter and Medina, and held a dangerousness hearing on 7 November 1989. The trial court concluded that the defendant was not a danger to himself or others and continued defendant on active probation for an indefinite period. The State sought to revoke defendant’s probation again on 26 February 1991. Following a hearing on 11 October 1991, the trial court determined that the defendant had violated his probation and was a danger to himself and others. The trial court revoked defendant’s probation and remanded him to Feliciana Forensic Facility. On 1 September 1992, the defendant withdrew his former pleas and pled not guilty by reason of insanity. The trial court adjudicated the defendant not guilty by reason of insanity based upon La.C.Cr.P. article 558.1. The defendant was again remanded to Feliciana Forensic Facility on 4 December 1992. On 18 March 1993, the trial court ordered that the defendant released on supervised probation. The trial court appointed a sanity commission on 22 October 1993, requesting Drs. Ritter and Medina to examine the defendant. A sanity hearing was conducted on 29 October 1993, whereupon the trial court was informed that the defendant was not taking his medication and his condition had deteriorated. The trial court determined that the defendant was a danger to himself and others and remanded him to Feliciana Forensic Facility. At a subsequent sanity hearing held on 16 September 1997, the trial court determined that the defendant was no longer a danger to himself and others and granted defendant a conditional release from Feliciana Forensic Facility. Another sanity hearing was held two months later, at which the trial court was informed that the defendant was not taking his medications. The trial court determined that the defendant was ^dangerous to himself and others and remanded the defendant to Feliciana Forensic Facility. The trial court conducted a subsequent hearing on 27 July 1999 and determined that the defendant was a danger to himself and others and remanded defendant to the civil side of the Feliciana facility. The trial court denied defendant’s motion to reconsider commitment. Defendant’s motion for appeal was granted.
The defendant also filed a pro se application for supervisory writs on 18 January 2000, seeking review of the trial court’s ruling. On 31 March 2000, this Court granted defendant’s writ application for the sole purpose of consolidating the writ application with defendant’s appeal. State v. Lozard, 2000-K-0113 (La.App. 4 Cir. 3/31/2000).
ASSIGNMENT OF ERROR: The trial court was without jurisdiction over Lo-zard to order him incarcerated in a psychiatric facility or any other because his conviction had been reversed by this Court.
In State v. Lozard, supra, this Court reversed the defendant’s conviction for attempted simple robbery and rendered a judgment that the defendant was not guilty by reason of insanity. The court stated that “any rational fact finder *123 could not have concluded that the defendant failed to prove his insanity at the time of the offense by a preponderance of the evidence.”
The defendant argues that this reversal mandates that he be released from custody. However, the defendant fails to recognize that this Court did not simply reverse his conviction and find him not guilty of the offense. This Court rendered judgment finding that the defendant was not guilty by reason of insanity.
|4That ruling required the application of La.C.Cr.P. article 654 et seq. Article 654 provides that
[w]hen a defendant is found not guilty by reason of insanity in any [non-capital] felony case, the court shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof, to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself. If the court determines that the defendant cannot be released without danger to others or himself, it shall order him committed to a proper state mental institution or to a private mental institution approved by the court for custody, care, and treatment. If the court determines that the defendant can be discharged or released on probation without danger to others or himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or an indeterminate probation.
La.C.Cr.P. articles 655-657 deal with additional mental examinations and contradictory hearings concerning a defendant’s discharge and/or release after his original commitment. Article 657 states that a trial court, after reviewing reports submitted in accordance with Articles 655 and 656, “may either continue the commitment or hold a contradictory hearing to determine whether the committed person is not longer mentally ill as defined by R.S. 28:2(14) and can be discharged, or can be released on probation, without danger to others or himself as defined by R.S. 28:2(3) and (4).” The State bears the burden at the hearing to prove by clear and convincing evidence that the defendant is currently both mentally ill and dangerous. La.C.Cr.P. article 657; Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992); State v. Perez, 94-0130 (La.1/27/95), 648 So.2d 1319.
|RIn the case at bar, the trial court was within its authority to conduct a contradictory hearing at the request of the defendant pursuant to La.C.Cr.P. articles 655 and 657. The hearing in question took place on 27 July 1999. Dr. Richard Ri-choux testified at the hearing. The parties stipulated that the testimony of Drs. De-land and Salcedo would be the same as Dr. Richoux if they were called to testify.
Dr. Richoux reviewed defendant’s treating psychiatrist’s six month report and personally examined the defendant. Dr. Richoux testified that the defendant, diagnosed with schizoaffective disorder, was fairly well stabilized on the combination of medications being given to him. The defendant is presently on Haldol-D, which is given by injection once a month, Lithium Carbonate, which defendant takes twice a day, and Benadryl. Dr. Richoux noted that the defendant, when he returned from conditional probation in early 1998, was uncooperative in taking his medications. After an administrative review, the defendant was determined to be a suitable candidate for involuntary medication. At that time, the defendant was placed on an in-jectable form of Haldol-D. The defendant continued to be problematic in his behavior. He was “grandiose, argumentative, [and] paranoid.” In the report of May 1999, defendant’s treating physician reported that the defendant told his physician that he was a hit man for the Mafia. Attempts to dissuade the defendant from this belief were futile.
*124 Dr. Richoux testified that during his examination of the defendant, the defendant had no insight to the fact that he is mentally ill. The defendant refuses to take responsibility for even minor disagreements or conflicts with others. Dr. Ri-choux opined that the defendant should not be released and is mentally ill, refuses to acknowledge that he is mentally ill and is uncooperative in taking the | ^medications needed to control the mental illness. According to Dr. Richoux, the defendant is mentally ill and is dangerous to others and himself.
The most recent report by defendant’s treating psychiatrist, Dr. Pieou, supports Dr. Richoux’s opinion. According to Dr. Picou’s report of 16 July 1999, the defendant continues to demonstrate symptoms of his disorder including grandiosity, expansiveness, suspiciousness, irritability, anger, hostility and threatening behavior. The physician noted that the defendant has been argumentative and confrontational with the staff and has not been cooperative in taking his medications. As a result, the defendant’s antipsychotic medication was changed to an injectable form. The defendant has had two increases in his dosage in order to help control his hostile and threatening behavior. Dr. Pieou referred to the incident in which the defendant believed himself to be a hit man for the Mafia. The physician was of the opinion that the defendant had not stabilized and is a potential danger. He stated that the defendant is frequently hostile and threatening, has no insight into his illness and, if given the option of not taking medication, he will not because he feels that there is no reason for him to take medication. Dr. Pieou recommends that the defendant requires continued hospitalization.
The testimony and reports submitted by the State provide clear and convincing evidence that the defendant is mentally ill and is dangerous to others and himself as a result of the mental illness. As such, the trial court was within its authority and discretion to determine that the defendant should be remanded to the civil side of the East Louisiana State Hospital.
The assignment of error is without merit.
^CONCLUSION AND DECREE
For the foregoing reasons, the action of the trial court is affirmed.
AFFIRMED.