li JOHNSON, J.,
would grant defendant’s writ application for the following reasons.
In this matter, a jury found defendant guilty as charged of attempted simple robbery. The underlying facts are that Mr. Lazard and two other individuals attempted to steal a radio from a man waiting at a bus stop. Mr. Lazard was sentenced to three years at hard labor, suspended and placed on five years active probation conditioned upon his obtaining mental treatment and completing his college education. La.C.Cr.P. art 893.[1] Upon Mr. Lazard’s appeal, the fourth circuit reversed the conviction, finding that Mr. Lazard was not guilty by reason of insanity. State v. Lozard, 542 So.2d 707 (La.App. 4 Cir.1989), writ denied, 548 So.2d 1245 (La.1989).
After Mr. Lazard’s conviction was overturned, the trial court conducted a mental status hearing, on November 7, 1989, and concluded that Mr. Lazard was not a danger to himself or others and continued defendant on active probation for an indefinite period. La.C.Cr.P. 654[2] Over one year later, the State sought to have Mr. 1 gLazard’s probation revoked. Following a hearing on October 11, 1991, the trial court determined that Mr. Lazard had violated his probation and remanded him to the state psychiatric hospital, Feliciana Forensic Facility. The record indicates that Mr. Lazard has been committed and released several times over an approximate 12 year period since the time of his original sentence and is currently confined to the civil side of the Feliciana Forensic Facility.[3]
*36 Mr. Lazard now seeks release from the facility.
Mr. Lazard has been subjected to confinement beyond what is reasonable under the circumstances of this case. Had Mr. Lazard not appealed his original sentence handed down by the trial court, his probation would have stood at a definite term (a maximum term of 5 years), Instead, Mr. Lazard is in a more precarious position since he has been placed on active probation for an indefinite period of time. I believe that defendant’s writ should be granted to resolve the conflict between La.C.Cr.P. arts. 893 and 654. The dilemma is exacerbated in a situation where a defendant, such as Mr. Lazard, is prejudiced because he exercised' his right to appeal.
Indefinite probation is constitutionally excessive in this case and violates the Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution.
The record reveals that on several occasions, Mr. Lazard was released because the trial court found that he was not in fact a danger to himself nor to society.[4] I,-¡Nevertheless, Mr. Lazard was remanded back to the state facility after a subsequent hearing was conducted. As Mr. La-zard’s sentence stands, he may be confined to a state facility for life, a clearly constitutionally excessive punishment for the crime of attempted simple robbery.
La.C.Cr.P. art 654, which provides that a defendant may be placed on probation for a fixed or indeterminate period, was written for the purpose of allowing the state to monitor persons not guilty of a heinous crime by reason of insanity. Clearly, the intent was to give the public continuous protection from this individual.
In the instant case, the record reveals that Mr. Lazard has been diagnosed with paranoid schizophrenia and that his mental state deteriorates only when he does not take his prescribed medications. The record does not reveal that Mr. Lazard committed or attempted to commit any crimes or was in any way a danger to society during the periods in which he was off of his medication while released from confinement. Mr. Lazard’s situation is not different than numerous others who suffer from schizophrenia and routinely appear before a district court for a determination of whether they are a danger to themselves and others subject to judicial commitment under Civil Code art. 389.

. La.C.Cr.P. art. 893 provides, in pertinent part:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under law, and int either or both cases place the defendant on probation under the supervision of the division of probation and parole....
The period of probation shall be specified and shall not be less than one year not more than five years. (Emphasis added).

. La.C.Cr.P. art. 654 provides, in pertinent part:
.. .When a verdict of not guilty by reason of insanity in any other felony case, the court
shall remand him to the parish jail or to a private mental institution approved by the court and shall promptly hold a contradictory hearing at which the defendant shall have the burden of proof, to determine whether the defendant can be discharged or can be released on probation, without danger to others or to himself
[[Image here]]
If the court determines that the defendant can be discharged or released on probation without danger to others or to himself, the court shall either order his discharge, or order his release on probation subject to specified conditions for a fixed or indeterminate period. (Emphasis added)

. The most recent hearing was held July 27, 1999, at which the trial court deter *36 mined that the defendant was a danger to himself and others.

. On November 7, 1989, the trial court concluded that Mr. Lazard was not a danger to himself or others and continued him on active probation.
On March 18, 1993, the trial court ordered Mr. Lazard released on supervised probation.
On September 16, 1997, the trial court determined that Mr. Lazard was no longer a danger to himself and others and granted a conditional release from the facility.