**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFF A. HAWKINS, | No. 10-15809 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01482-MHP |
| v. | |
| R. HORAL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

Petitioner Jeff Hawkins appeals the denial of his petition for writ of habeas

corpus. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kermit V. Lipez, of the United States Court of Appeals for the First Circuit, sitting by designation.

First, Hawkins argues that *Moore v. Duckworth*, 443 U.S. 713, 713-14 (1979) (per curiam), recognized a federal due process right in having sufficient evidence to support a sanity verdict. However, under the applicable state law in *Moore*, once the defendant raised the issue of insanity, sanity became an element of the crime that the state had to prove beyond a reasonable doubt. *See Price v. State*, 412 N.E.2d 783, 784-85 (Ind. 1980). As the State points out, in California, Hawkins had the burden of proving insanity. *See People v. Hernandez*, 22 Cal.4th 512, 521-22 (Cal. 2000) (The sanity phase of trial "differs procedurally from the guilt phase of trial in that the issue is confined to sanity and the burden is upon the defendant to prove by a preponderance of the evidence that he was insane at the time of the offense." (internal quotation marks omitted)). Hawkins has not identified any case where the Supreme Court addressed challenges to the sufficiency of the evidence regarding sanity when a defendant bears the burden of proving insanity as an affirmative defense by a preponderance of the evidence. Therefore, he has not shown that there is a state or federal right to have the State prove sanity where it is not an element of the crime.

Even assuming that we can review the state appellate court's decision that there was sufficient evidence of Hawkins's sanity, we find that the state court's decision did not reflect an unreasonable application of the standard set out in

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (holding that for habeas review the question is whether the state appellate court's decision reflected an unreasonable application of *Jackson* to the facts of the case). In *Jackson*, the Supreme Court held, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The state appellate court here found that certain testimony and the taped interview of Hawkins supported the jury's sanity determination. The court found that the jury reasonably could have concluded that Hawkins's claim that he did not know the victim, his statement that he had been at his aunt's home on the night of the attack, and his other explanations for the blood on his clothing were inconsistent with insanity. That decision was not unreasonable.

Second, Hawkins has not shown that the flight instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation mark omitted). In fact, it was reasonable for the state appellate court to conclude that there was actually no error in giving the instruction as there was evidence of flight. As the district court recognized, the instruction protected Hawkins's due process rights because it

3

"meticulously limited how the jury could use such evidence" by instructing the jury that it was to determine whether flight occurred and how much weight to assign it, and that flight, if proved, may be considered in light of all other proved facts and was insufficient on its own to prove guilt. Contrary to Hawkins's argument that the flight instruction undermined his insanity defense, the instruction was given at the guilt phase of trial, not the sanity phase. Moreover, Hawkins has not pointed to any clearly established federal law as determined by the Supreme Court that prohibits giving a flight instruction when the defendant raises the affirmative defense of insanity. *Cf. Houston v. Roe*, 177 F.3d 901, 910 (9th Cir. 1999) ("Houston fails to point to any 'clearly established federal law as determined by the Supreme Court' that prohibits giving a flight instruction when the defendant admits committing the act charged. Consequently, this issue is inappropriate for § 2254 review.").

**AFFIRMED.**

4