**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRAY MARIA, | No. 15-56272 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01183-DSF-MRW |
| v. | |
| WILLIAM MUNIZ, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and BOLTON,** District Judge.

Petitioner Gray Maria was convicted of first-degree murder and assault after

he killed his quadriplegic cousin and stabbed a stranger at a restaurant. It is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

undisputed that he suffers from a serious mental illness and that, at the time of the murder, Petitioner experienced hallucinations in which angels persuaded him to kill his cousin.

Petitioner pleaded not guilty by reason of insanity, and the court bifurcated his trial into a guilt phase and a sanity phase. *See* Cal. Penal Code § 1026(a) (providing for that procedure). During the guilt phase, defense counsel did not introduce evidence of Petitioner's mental illness. The jury found Petitioner guilty of the charged crimes.

During the sanity phase, both sides presented expert testimony about Petitioner's sanity at the time he committed the crimes. The experts agreed that Petitioner was aware of the nature and quality of his actions, but they disagreed about whether he knew that his actions were wrong. The jury returned a verdict finding that Petitioner was sane at the time of the crimes.

Petitioner appealed the sanity verdict unsuccessfully. He then filed a state habeas petition, alleging ineffective assistance of counsel at various stages of the proceedings. The Los Angeles County Superior Court denied the habeas petition. The California Court of Appeal and the California Supreme Court each summarily denied the habeas petition.

Petitioner then brought the present federal habeas petition under 28 U.S.C. § 2254, which the district court denied. Petitioner timely appeals, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant relief only if a state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**1.** On the ineffective assistance of counsel claim, we assume, without deciding, that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). But we hold that the state court's conclusion that Petitioner did not suffer prejudice, as also required by *Strickland*, id. at 691–96, is not unreasonable.

**a.** Despite the alleged errors by pretrial counsel, Petitioner had a competency hearing, and his new counsel reinstated the insanity plea.

**b.** In California, a defendant may negate the element of premeditation and deliberation by demonstrating that command hallucinations caused him to be unable to plan or to weigh considerations for and against a course of action. *People v. Stress*, 252 Cal. Rptr. 913, 915 (Ct. App. 1988). But deliberation exists

even if the considerations that the defendant weighs are irrational or insane. *See People v. Bobo*, 3 Cal. Rptr. 2d 747, 756–57 (Ct. App. 1990) ("a delusional, psychotic system can be compatible with the premeditation and deliberation required for a first degree murder"). Here, the evidence showed both planning (for example, selecting and concealing a knife) and deliberation (for example, Petitioner initially resisted the angels' voices and considered whether, in his view, his cousin wanted to die). The omitted evidence would not have shown that Petitioner did not plan or did not deliberate at the time he killed his cousin. Therefore, the state court's conclusion that Petitioner suffered no prejudice was not unreasonable.

A defendant in California also may negate the element of specific intent through evidence of mental illness. *People v. McGehee,* 201 Cal. Rptr. 3d 714, 728 (Ct. App. 2016). But both the defense and prosecution experts testified that Petitioner knew what he was doing when he killed his cousin.

**c.** During the sanity phase, the order in which the experts testified did not prejudice Petitioner because counsel effectively explained the discrepancies between the two experts and urged the jury to reach a verdict of insanity. Second, Petitioner has not shown that a different opening statement would have swayed the verdict. Finally, counsel's failure to obtain records from two prior psychiatric

4

hospitalizations did not result in prejudice because Petitioner has not explained what additional information, if any, those records would have revealed.

**2.** Given the weak showings of prejudice at the pretrial and sanity phases, the state court was not unreasonable to reject Petitioner's cumulative error arguments.

**3.** Finally, Maria challenges the sufficiency of the evidence supporting the jury's sanity verdict. We assume, without deciding, that this claim is cognizable on habeas review. *But see Hawkins v. Horal*, 572 F. App'x 480, 480–81 (9th Cir. 2014) (unpublished decision) (noting that the Supreme Court has not "addressed challenges to the sufficiency of the evidence regarding sanity when a defendant bears the burden of proving insanity as an affirmative defense" and sanity "is not an element of the crime").

"[Sufficiency-of-the-evidence] claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam). On habeas review, we may overturn a state court decision rejecting a sufficiency of the evidence challenge "only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 565 U.S. 1, 2, (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

The sanity phase came down to a credibility battle between dueling experts. The experts relied on identical information but construed Petitioner's conduct during the crimes and his statement to police in different ways. A reasonable jury could find—based on the transcript from the police interrogation, Petitioner's evasive conduct during and after the crimes, and the prosecution expert's professional opinion—that Petitioner knew that his actions were wrong and that he was, therefore, legally sane when he committed the crimes. In sum, the California Court of Appeal's decision affirming the sanity verdict was not objectively unreasonable.

**AFFIRMED.**

*Maria v. Muniz*, No. 15-56272

Murguia, Circuit Judge, dissenting in part:

I disagree with the majority's conclusion as to Maria's claim alleging ineffective assistance of counsel in the guilt phase.

During the guilt phase of a bifurcated, first-degree murder trial, a defendant can introduce expert testimony opining that the defendant's mental "illness caused him to obey a command hallucination to" commit the murder, and therefore the defendant "was incapable of harboring the necessary premeditation [and] deliberation." *People v. Duckett*, 209 Cal. Rptr. 96, 100–01 (Ct. App. 1984).

In the present case, both experts acknowledged that Maria experienced command hallucinations as he was committing the murder. Despite this undisputed evidence, Maria's counsel failed to present any expert testimony explaining how command hallucinations can preclude premeditation and deliberation. In my view, "counsel's performance was deficient," and Maria "was prejudiced by the deficiency." *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012). Moreover, I believe the state court was unreasonable to conclude otherwise.

1.     Counsel's failure to present expert testimony in the guilt phase was deficient. "A defendant who elects to plead both not guilty and not guilty by reason of insanity may have the opportunity to employ mental state evidence *in two*

1

*different ways.*" *People v. Mills*, 286 P.3d 754, 759 (Cal. 2012) (emphasis added). In the guilt phase, a defendant can introduce evidence of mental illness to negate premeditation and deliberation. Cal. Penal Code § 28(a). In the sanity phase, a defendant can use evidence of mental illness to prove that he was insane at the time he committed the crime. Cal. Penal Code § 25(b). In light of these differing purposes, it is not entirely clear what strategic value counsel could have gained by saving the evidence of mental illness exclusively for the sanity phase. Quite to the contrary, counsel squandered an opportunity to negate premeditation and deliberation, without any apparent offsetting benefits.

   **2.**    Maria suffered prejudice because there is a "reasonable probability that at least one juror would have struck a different balance" if the jury had heard expert testimony about how command hallucinations diminished Maria's ability to premeditate and deliberate. *Wiggins v. Smith*, 539 U.S. 510, 513 (2003). "A reasonable probability is one sufficient to undermine confidence in the outcome, but is less than the preponderance more-likely-than-not standard." *Lambright v. Schriro*, 490 F.3d 1103, 1121 (9th Cir. 2007) (internal quotation marks omitted).

   California courts consider the following factors in analyzing deliberation and premeditation: planning, motive, and manner of killing. *People v. Anderson*, 447 P.2d 942, 949 (Cal. 1968). There was no evidence here that Maria had any plans to

kill his cousin before he entered her house that day; in fact, he did not even come to the house with a weapon. Additionally, there was no evidence that Maria harbored a motive for killing his cousin. Instead, after watching television with his cousins for "a few minutes," Maria experienced command hallucinations urging him to take his cousin's life, so he entered the kitchen and secured a knife. Maria then rejoined his cousins and "[a]fter a minute," when one of his cousins left the room, Maria took his quadriplegic cousin's life.

The jury's finding of premeditation and deliberation here hangs on a thin reed, essentially consisting of Maria's decision to conceal a knife and Maria's struggle to resist the voices in his head for several minutes. *See Strickland*, 466 U.S. at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). Expert testimony would have shed some light on what was happening in Maria's mind during those taut minutes by explaining to the jury how command hallucinations impact thought processes and perceptions of reality, resulting in disorganized thoughts and impulsivity. If counsel had offered such expert testimony during the guilt phase, there is "a reasonable probability that at least one juror would have harbored doubt about" premeditation and deliberation. *Duncan v. Ornoski*, 528 F.3d 1222, 1245 (9th Cir. 2008).

3

The weak evidence of premeditation and deliberation by itself is sufficient to demonstrate prejudice, but "there is an additional indicator of prejudice here because the jury had a difficult time reaching a verdict." *Vega v. Ryan*, 757 F.3d 960, 974 (9th Cir. 2014); *Wharton v. Chappell*, 765 F.3d 953, 978 (9th Cir. 2014) (analyzing the prejudice prong and noting that "the jury did not reach its verdict easily, possibly out of recognition that, although his crimes were heinous, Petitioner himself clearly suffers from serious mental illness and came from a disadvantaged and abusive home"). The guilt phase deliberations lasted more than one day, even though the jury heard Maria's confession, listened to eyewitness testimony, and did not have any evidence to negate the mens rea required for first-degree murder. The sanity phase deliberations lasted three days, and the jury submitted a note to the court asking for a definition of "preponderance of the evidence," the standard by which Maria had to prove insanity. These protracted deliberations show that the jurors were possibly troubled by Maria's mental illness.

Considering this record as a whole—the jury's difficulty in reaching a verdict, the undisputed evidence of Maria's command hallucinations, and the scant evidence of premeditation and deliberation—the state court was unreasonable to conclude that Maria was not prejudiced by counsel's deficient performance. I, therefore, respectfully dissent from the majority's decision denying habeas relief.

4