MEMORANDUM **
Petitioner Gray Maria was convicted of first-degree murder and assault after he killed his quadriplegic cousin and stabbed a stranger at a restaurant. It is undisputed that he suffers from a serious mental illness and that, at the time of. the murder, Petitioner experienced hallucinations in which angels persuaded him to kill his cousin.
Petitioner pleaded not guilty by reason of insanity, and the court bifurcated his trial into a guilt phase and a sanity phase, See Cal. Penal Code § 1026(a) (providing for that procedure). During the guilt phase, defense counsel did not introduce evidence of Petitioner’s mental illness. The jury found Petitioner guilty of the charged crimes.
During the sanity phase, both sides presented expert testimony about Petitioner’s sanity at the time he committed the crimes. The experts agreed that Petitioner *643 was aware of the nature and quality of his actions, but they disagreed about whether he knew that his actions were wrong. The jury returned a verdict finding that Petitioner was sane at the time of the crimes.
Petitioner appealed the sanity verdict unsuccessfully. He then filed a state habe-as petition, alleging ineffective assistance of counsel at various stages of the proceedings. The Los Angeles County Superior Court denied the habeas petition. The California Court of Appeal and the California Supreme Court each summarily denied the habeas petition.
Petitioner then brought the present federal habeas petition under 28 U.S.C. § 2254, which the district court denied. Petitioner timely appeals, and we affirm.
Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant relief only if a state court’s adjudication of a claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court,” or “that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
1. On the ineffective assistance of counsel claim, we assume, without deciding, that counsel’s representation “fell below an objective standard of reasonableness.” Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But we hold that the state court’s conclusion that Petitioner did not suffer prejudice, as also required by Strickland, id. at 691-96, 104 S.Ct. 2052, is not unreasonable.
a. Despite the alleged errors by pretrial counsel, Petitioner had a competency hearing, and his new counsel reinstated the insanity plea.
b. In California, a defendant may negate the element of premeditation and deliberation by demonstrating that command hallucinations caused him to be unable to plan or to weigh considerations for and against a course of action. People v. Stress, 205 Cal.App.3d 1259, 252 Cal.Rptr. 913, 915 (1988). But deliberation exists even if the considerations that the defendant weighs are irrational or insane. See People v. Bobo, 229 Cal.App.3d 1417, 3 Cal.Rptr.2d 747, 756-57 (1990) (“a delusional, psychotic system can be compatible with the premeditation and deliberation required for a first degree murder”). Here, the evidence showed both planning (for example, selecting and concealing a knife) and deliberation (for example, Petitioner initially resisted the angels’ voices and considered whether, in his view, his cousin wanted to die). The omitted evidence would not have shown that Petitioner did not plan or did not deliberate at the time he killed his cousin. Therefore, the state court’s conclusion that Petitioner suffered no prejudice was not unreasonable.
A defendant in California also may negate the element of specific intent through evidence of mental illness. People v. McGehee, 246 Cal.App.4th 1190, 201 Cal.Rptr.3d 714, 728 (2016). But both the defense and prosecution experts testified that Petitioner knew what he was doing when he killed his cousin.
c. During the sanity phase, the order in which the experts testified did not prejudice Petitioner because counsel effectively explained the discrepancies between the two experts and urged the jury to reach a verdict of insanity. Second, Petitioner has not shown that a different opening statement would have swayed the verdict. Finally, counsel’s failure to obtain records from two prior psychiatric hospitalizations did not result in prejudice because Petitioner has not explained what *644 additional information, if any, those records would have revealed.
2. Given the weak showings of prejudice at the pretrial and sanity phases, the state court was not unreasonable to reject Petitioner’s cumulative error arguments.
3. Finally, Maria challenges the sufficiency of the evidence supporting the jury’s sanity verdict. We assume, without deciding, that this claim is cognizable on habeas review. But see Hawkins v. Horal, 572 Fed.Appx. 480, 480-81 (9th Cir. 2014) (unpublished decision) (noting that the Supreme Court has not “addressed challenges to the sufficiency of the evidence regarding sanity when a defendant bears the burden of proving insanity as an affirmative defense” and sanity “is not an element of the crime”).
“[Sufficiency-of-the-evidence] claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference.” Coleman v. Johnson, 566 U.S. 650, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam). On habe-as review, we may overturn a state court decision rejecting a sufficiency of the evidence challenge “only if the state court decision was ‘objectively unreasonable.’ ” Cavazos v. Smith, 565 U.S. 1, 2, 132 S.Ct. 2, 181 L.Ed.2d 311, (2011) (per curiam) (quoting Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).
The sanity phase came down to a credibility battle between dueling experts. The experts relied on identical information but construed Petitioner’s conduct during the crimes and his statement to police in different ways. A reasonable jury could find — based on the transcript from the police interrogation, Petitioner’s evasive conduct during and after the crimes, and the prosecution expert’s professional opinion— that Petitioner knew that his actions were wrong and that he was, therefore, legally sane when he committed the crimes. In sum, the California Court of Appeal’s decision affirming the sanity verdict was not objectively unreasonable.
AFFIRMED.

 This disposition is not appropriate for publi- • cation and is not precedent except as provided by Ninth Circuit Rule 36-3.